IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Isa P. Greene, | ) | C/A No. 3:13-567-TLW-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Randy Scott, *individually and in his official capacity as chief of the Columbia Police Department*; the City of Columbia, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Isa P. Greene, a former police officer with the City of Columbia Police Department, filed this employment case against the City and the former Police Chief, Randy Scott.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants motion for summary judgment. (ECF No. 29; Additional Attachments, ECF No. 30.) Greene filed a response in opposition (ECF No. 37), and the defendants replied (ECF No. 39). Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be granted.

---

[1] The defendants removed this action from the Richland County Court of Common Pleas.

## BACKGROUND

The following facts are viewed in the light most favorable to Greene.[2] Greene served the City of Columbia Police Department for over thirty years, advancing to the position of Deputy Police Chief of Administration, until her termination from the department in March 2012. At all times relevant to this dispute, Defendant Randy Scott was the Police Chief.

From February 14-19, 2012, Greene was on vacation leave. During her absence, the police department began a missing person investigation for Tom Sponseller, a well-known businessman in the community. Under the supervision of Assistant Chief Wiser and Captain Smith, police officers searched Sponseller's business offices on February 18 and 19 but found no evidence of him or his whereabouts. Greene returned to work on Monday, February 20 and assumed responsibility for the investigation, assisted by Captain Smith. Chief Scott directed that investigators ensure that the building was thoroughly searched.

The disappearance of Sponseller garnered extensive media attention and the search for him was a matter of great public interest. Approximately ten days after his disappearance, Sponseller's body was finally discovered in a locked storage room in the parking garage adjacent to his business office. He had apparently died of a self-inflicted gunshot wound, after having left a suicide note in

---

[2] Greene did not provide any deposition testimony, affidavits, or other exhibits in opposition to the defendants' summary judgment motion. Although counsel cites to portions of Greene's deposition, he failed to provide the court with them and Greene's Complaint is not verified. Counsel's assertions in the memorandum, therefore, are utterly unsupported by any evidence. "If a party fails to properly support an assertion of fact . . . as required by Rule 56(c)," the court may take various actions. Fed. R. Civ. P. 56(e)(1)-(4). Here, because the defendants do not appear to dispute that Greene actually testified in the manner represented by counsel, and because even accepting that supposed testimony as true, Greene's claim nonetheless fails as a matter of law, the court concludes that it is appropriate to recommend that summary judgment be granted, as the defendants' motion and supporting materials show that they are entitled to it. Fed. R. Civ. P. 56(e)(3).



a locked desk drawer in his office. The defendants faced public criticism for what was perceived to be a "botched investigation." (See Pl.'s Mem. Opp'n Mot. Summ. J. at 4, ECF No. 37 at 4) (citing Greene Dep. at 190-92).

On March 1, 2012, two days after Sponseller's body was found, Defendant Scott gave both Greene and Captain Smith the opportunity to resign based on their roles in the Sponseller investigation. Greene refused to resign, so Scott informed her that her employment was terminated. Scott held a press conference that same day, announcing that two Columbia police officials were no longer employed with the department because of "mishandling and failures" in relation to the Sponseller case. Although Scott did not mention Greene by name during the press conference, he identified her by title, and her name was reported in the media.

Greene challenged her termination pursuant to the City's grievance procedure, invoking her grievance right to a public hearing, during which she was afforded the opportunity to present testimony, offer documents, and call witnesses. Following the hearing, the Grievance Committee recommended that Greene's termination be upheld. City Manager Steve Gantt accepted the Committee's recommendation.[3]

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible

---

[3] At some point, the decision was made to allow Greene to retire rather than be terminated.



evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." Ballinger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (emphasis in original) (internal quotation marks & citation omitted). A fact is "material" if proof of its existence or non-existence would affect the disposition of the case under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. Id. at 257.

In discrimination cases, a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor. Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 645 (4th Cir. 2002). The court cannot make credibility determinations or weigh the evidence, but the court should examine uncontradicted and unimpeached evidence offered by the moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). The court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms. See id. at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory").

**B.     Greene's Claims**

In her opposition memorandum to the defendants' motion, Greene expressly declines to address the defendants' motion as to all of her claims except for her claim under 42 U.S.C. § 1983.

PJG

The court therefore finds that she has abandoned the first through fourth causes of action in her Complaint. (See Pl.'s Mem. Opp'n Mot. Summ. J. at 2 n.1, ECF No. 37 at 2 n.1.)

Greene alleges that the defendants violated her Fourteenth Amendment right to due process of law when they publicly terminated her without first providing her the opportunity to defend herself. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Acknowledging that she has no property right in her at-will employment with the City, Greene relies on the assertion of a protected *liberty* interest in her good name and reputation and her freedom to take advantage of other employment opportunities. (Pl.'s Mem. Opp'n Mot. Summ. J. at 6, ECF No. 37 at 6) (relying on Roth, 408 U.S. at 572-73). In considering Greene's claim, the court must first consider whether Greene was deprived of a liberty interest and, if so, determine whether the manner in which that was done satisfied constitutionally mandated protections. Garraghty v. Jordan, 830 F.2d 1295, 1299 (4th Cir. 1987) (citing Roth, 408 U.S. 564).

Greene correctly argues that a Fourteenth Amendment liberty interest can be implicated by public announcement of the reasons for a public employee's discharge. See Sciolino v. City of Newport News, 480 F.3d 642, 645-46 (4th Cir. 2007) (quoting Johnson v. Morris, 903 F.2d 996, 999 (4th Cir. 1990)). When an employee's interest in her reputation is accompanied by some more tangible interest such as loss of employment, the procedural protections of the Due Process Clause may be invoked. See Paul v. Davis, 424 U.S. 693, 701 (1976). To show a liberty interest protected by the Due Process Clause in such situations, a plaintiff must allege that the charges against her: (1) placed a stigma on her reputation; (2) were made public by the employer; (3) were made in

conjunction with her termination or demotion; and (4) were false. Sciolino, 480 F.3d at 646 (citing Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 173 n.5 (4th Cir. 1988)).

Here, Greene cannot establish the first element. Case law shows that to implicate a constitutionally protected liberty interest with regard to reputation, the public statements generally must confer a "badge of infamy" or some stigma against the plaintiff's *character*. Sciolino, 480 F.3d at 647 n.2, 653 (citing Wisconsin v. Constantineau, 400 U.S. 433, 437 (1971)). Courts have found, in considering whether the statements are stigmatizing, that due process is triggered when a person's good name, reputation, honor, or integrity is at stake. Roth, 408 U.S. at 573; Sciolino, 480 F.3d at 646 (both citing Constantineau, 400 U.S. at 437)). Thus, the objectionable statements must imply the existence of serious character defects such as dishonesty or immorality. Roth, 408 U.S. at 573; Sciolino, 480 F.3d at 647 n.2; Robertson v. Rogers, 679 F.2d 1090, 1092 (4th Cir. 1982); compare Sciolino at 647 n.2 (charge of falsifying odometer implied dishonesty) and Ridpath v. Bd. of Governors Marshall Univ., 447 F.3d 292, 308-09 (4th Cir. 2006) (NCAA report finding academic fraud and impermissible employment of potential student athletes and labeling the reassignment of the plaintiff as "corrective action" in response to the infractions went beyond indicating mere incompetence or unsatisfactory job performance but rather called into question the plaintiff's honesty and integrity) (collecting cases) with Robertson, 679 F.2d at 1092 (even assuming that the employer told prospective employers that the plaintiff was discharged for "incompetence and outside activities," such communication did not give rise to a protected liberty interest) and Hamilton v. Mayor & City Council of Baltimore, 807 F. Supp. 2d 331, 358-59 (D. Md. 2011) (finding no evidence of public statements made in conjunction with police officer's termination that reflected on her honesty or morality). Allegations of mistakes or even incompetence are not enough.

Sciolino, 480 F.3d at 647 n.2; Robertson, 679 F.2d at 1092; see also Bunting v. City of Columbia, 639 F.2d 1090, 1094 (4th Cir. 1981) (public statements that the services of discharged police officers did not meet the expectations of the police department were insufficient to trigger a protected liberty interest); Ridpath, 447 F.3d at 308-09 (collecting cases).

Here, Greene contends that Defendant Scott stated at the press conference that "mishandling and failures" in connection with the Sponseller case led to the separation of two police officials, identifying Greene indirectly by her title. (See Pl.'s Mem. Opp'n Mot. Summ. J. at 3, ECF No. 37 at 3.)[4] According to counsel, her deposition testimony shows that she considered her reputation to have been damaged because she perceived Scott's declaration to the public to convey that "she was incompetent as a police officer." (See Pl.'s Mem. Opp'n Mot. Summ. J. at 4, ECF No. 37 at 4) (citing Greene Dep. at 190). As shown by the cases above, however, statements of incompetence alone do not rise to the level of a "stigma" that implicates a liberty interest protected by the Due Process Clause. Moreover, nothing in the record suggests that the defendants took any steps to foreclose Greene from obtaining employment as a police officer elsewhere. Cf. Roth, 408 U.S. at 573-74 (finding no protected liberty interest implicated by the circumstances surrounding a non-tenured professor's non-retention and noting that the state did not invoke any regulations to bar the plaintiff from all other public employment in state universities: "Had it done so, this . . . would be a different case.").

---

[4] As mentioned above, counsel did not provide Greene's deposition in connection with his opposition memorandum, and the portions of Greene's deposition testimony provided by the defendants do not include the pertinent pages cited by Greene in her memorandum. However, for purposes of analyzing the defendants' motion, the court again assumes Greene testified as described.



## RECOMMENDATION

Greene cannot show that the public comments made in connection with her termination unconstitutionally placed a stigma on her reputation. Accordingly, the court recommends that the defendants' motion for summary judgment be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 21, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' "  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).