IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Isa P. Greene,<br><br>   Plaintiff,<br><br>vs.<br><br>Randy Scott, individually and in his official capacity as chief of the Columbia Police Department; and City of Columbia<br><br>   Defendants. | C/A No. 3:13-cv-0567-JFA<br><br><br><br>**ORDER** |

### I. INTRODUCTION

Isa P. Greene ("Plaintiff") has filed a lawsuit alleging a claim under 42 U.S.C. § 1983 for violation of her Fourteenth Amendment right to due process against the City of Columbia and former Police Chief, Randy Scott ("Defendants").[1]

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[2] Before the Magistrate Judge, Defendants moved for summary judgment. (ECF No. 29). Plaintiff filed a Response in Opposition (ECF No. 37), and Defendants filed a reply. (ECF No. 39). This is the motion currently before this Court.

---

[1] Plaintiff also asserted four additional causes of action in her Complaint: (1) Hostile Work Environment, (2) Wage Discrimination in violation of Title VII and SCHLA, (3) Wage Discrimination in violation of the EPA, and (4) Retaliatory Discharge. As Plaintiff declined to address these claims in her opposition memorandum to Defendants' summary judgment motion, the Magistrate deemed these causes of action abandoned. Plaintiff did not object to this finding by the Magistrate. Therefore, this Court is not required to make a *de novo* review of the Magistrate's findings and the Court adopts the recommendation of the Magistrate that these claims are now abandoned. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985) (finding a party who fails to object to a magistrate judge's proposed findings of fact and conclusions of law is not entitled to de novo review of the magistrate judge's determination and is barred from appealing the judgment of a district court adopting the magistrate's findings).

[2] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

On January 21, 2015, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this court grant Defendants' motion for summary judgment (ECF No. 50). Plaintiff filed a statement of objection to the Report. (ECF No. 60). Defendants filed a Response to Plaintiff's objections. (ECF No. 61). Thus, this matter is ripe for the Court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates those without a recitation.

**II.    DISCUSSION**

Plaintiff has lodged two objections to the Report rendered by the Magistrate. Specifically, Plaintiff contends the Magistrate erred (1) in concluding that Plaintiff cannot establish the first element of her liberty interest claim, and (2) in concluding that the statements made concerning Plaintiff were merely statements related to incompetence.

### A. *First Element of Liberty Interest Claim*

In order to show a liberty interest protected by the Due Process Clause, Plaintiff must demonstrate the charges against her: (1) placed a stigma on her reputation, (2) were made public by the employer, (3) were made in conjunction with her termination or demotion, and (4) were false. *Sciolino v. City of Newport News*, 480 F.3d 642, 646 (4th Cir. 2007) (citing *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 167, 173 n.5 (4th Cir. 1988)). In her analysis, the Magistrate concluded that Plaintiff cannot establish that the public statements made about her placed a stigma on her reputation. Plaintiff objects to this determination on two grounds: (1) the Magistrate used the wrong standard in assessing Plaintiff's claim, and (2) a genuine issue of material fact exists as to whether the public announcement of Plaintiff's termination placed a stigma on her reputation.

Plaintiff first argues that the Magistrate used the incorrect standard in evaluating her claim. Specifically, Plaintiff argues, "[t]he proper question is not whether Plaintiff can establish the first element, but whether, when viewing the evidence in the light most favorable to the Plaintiff there is a genuine issue of material fact existing as to each essential element of the claim." (ECF No. 60). In opposition, Defendants argue the appropriate standard was utilized and applied by the Magistrate, and Plaintiff failed to present any evidence that the statements made about her were false or that those statements accused her of dishonesty or immorality.

The Magistrate explained in her report that in discrimination cases, "a party is entitled to summary judgment if no reasonable jury could rule in the non-moving party's favor." (ECF No. 50) (citing *Dennis v. Columbia Colletion Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). As such, "[t]he court must determine whether a party's offered evidence is legally sufficient to support a finding of discrimination and look at the strength of a party's case on its own terms."

(Id.) (citing *Dennis* at 148 (stating that "[c]ertainly there will be instances where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational fact-finder could conclude that the action was discriminatory.")).

Review of the Report indicates the Magistrate properly utilized this standard in finding that summary judgment was appropriate based on her determination that Plaintiff failed to provide evidence sufficient to establish the first element of a liberty interest claim. It is axiomatic that Plaintiff's failure to prove all the elements of her claim would produce but one result at trial: a reasonable jury that cannot find in Plaintiff's favor. Therefore, the Court finds the Magistrate applied the appropriate standard in her assessment of Plaintiff's claim.[3]

Plaintiff also argues that a genuine issue of material fact exists as to whether the Defendants' public announcement of her termination placed a stigma on her reputation. Plaintiff contends that her liberty interest was violated because her reputation was damaged when she was publically fired from the police force. In support of this assertion, Plaintiff directs the Court to a newspaper article that appeared in *The State* newspaper following Plaintiff's firing and her deposition testimony.[4]

The newspaper article submitted by Plaintiff was published by *The State* newspaper and focused on the firing of Plaintiff and another law enforcement officer as a result of the Tom

---

[3] Plaintiff also maintains that the "the only issue [the Magistrate] concluded is at issue in is the first element – 'the stigma element'. Therefore, [the Magistrate] implicitly concluded that the statements made by the Defendant in conjunction with [Plaintiff's] termination were false or at least there was a genuine issue of material fact concerning the falsity of the statements." (ECF No. 60). The Court disagrees and finds that this construction of the Magistrate's Report is erroneous. The Magistrate's Report makes no such finding, directly, impliedly, or otherwise. The Report does not address the additional elements necessary to prove a liberty interest violation because the Magistrate determined that Plaintiff was unable to prove the first element necessary for such a claim. Accordingly, review of the other elements was not warranted.

[4] Plaintiff's deposition excerpts and the newspaper article were not submitted by Plaintiff when she filed her memorandum in opposition to Defendants' motion for summary judgment. In her Report, the Magistrate assumed for purposes of her findings that all testimony cited by Plaintiff's counsel was an accurate recitation of Plaintiff's deposition. (ECF No. 50). After the Magistrate's Report was issued and upon motion of Plaintiff, this Court allowed Plaintiff to file her deposition transcript *in toto*, as well as the newspaper article for consideration. (ECF No. 57).

Sponseller investigation. The story quotes a statement of support made by Steve Benjamin, Mayor of the City of Columbia, for the Columbia police chief's termination decision. Plaintiff offers this newspaper article as evidence of her sullied reputation. Conversely, Defendants urge the Court not to consider this evidence in its analysis because it is inadmissible hearsay.

The Fourth Circuit has routinely held that hearsay evidence, which is inadmissible at trial, is likewise inadmissible at the summary judgment stage. *Maryland Highways Contractors Ass'n, Inc. v. State of Md.*, 933 F.2d 1246, 1251-52 (4th Cir. 1991) (citing *Rohrbough v. Wyeth Laboratories, Inc.,* 916 F.2d 970, 973–74 n. 8 (4th Cir.1990)); *see also Sakaria v. Trans World Airlines,* 8 F.3d 164, 171 (4th Cir.1993) (finding that the district court properly did not consider inadmissible hearsay in an affidavit filed with motion for summary judgment); *Mitchell v. Data General Corp.,* 12 F.3d 1310, 1315-16 (4th Cir.1993) ("The summary judgment inquiry thus scrutinizes the plaintiff's case to determine whether the plaintiff has proffered sufficient proof in the form of admissible evidence that could carry the burden of proof in his claim at trial.").

In evaluating the admissibility of newspaper articles in particular, the Fourth Circuit has consistently found that "newspaper articles are inadmissible hearsay to the extent that they are introduced 'to prove the factual matters asserted therein.'" *United States v. ReBrook,* 58 F.3d 961, 967 (4th Cir.1995); *Gantt v. Whitaker*, 57 F. App'x 141, 150 (4th Cir. 2003) (finding that district court did not abuse its discretion by excluding the newspaper article because plaintiff "failed to establish the prerequisites for applicability of an exception to the hearsay rule."). Here, based on Plaintiff's objections, it is clear she wishes to admit the newspaper article for the purpose of establishing that the statements quoted in the story were, in fact, made by the Mayor. In short, Plaintiff intends to use the article to "prove the factual matters asserted therein." Use of the article in this fashion constitutes inadmissible hearsay because Plaintiff has failed to provide

the Court with an applicable hearsay exception allowing for its admission and consideration by the Court.

### B.  *Statements Regarding Plaintiff's Incompetence*

Plaintiff's second objection to the Report centers on her contention that the Magistrate narrowly interpreted Plaintiff's allegations and erred in concluding that the statements made concerning the Plaintiff were merely statements concerning her incompetence.  First, Plaintiff maintains the Magistrate should have looked to the well-pleaded allegations of the Complaint in order to ascertain the extent of Plaintiff's claims and the fact that Plaintiff's termination is about more than just competency issues.  Plaintiff goes on to cite the specific allegations contained her in Complaint as proof that the statements made by Defendants question Plaintiff's honesty, integrity, and professionalism.

To the extent Plaintiff attempts to offer the complaint as evidence of her claims, the Court finds that at this procedural stage it is improper for Plaintiff to merely rely on her pleadings as a mechanism for overcoming summary judgment. *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion.") (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Kipps v. Ewell,* 538 F.2d 564, 566 (4th Cir.1976); Fed.R.Civ.P. 56(e)); *Hubbard v. U.S. Postal Serv.*, No. 85-4812, 1986 WL 12748, at *2 (D. Md. Nov. 7, 1986) ("In order for a plaintiff to oppose a motion for summary judgment in an employment discrimination case, he cannot simply rely on the allegations of his complaint. He must produce evidence countering that presented by the moving party.") (citing *International Woodworkers v. Chesapeake Bay Plywood,* 659 F.2d 1259 (4th Cir.1981)). Therefore, this Court will not consider the allegations of Plaintiff's complaint as

evidence sufficient to overcome summary judgment, and it was not error for the Magistrate to disregard these allegations in her analysis.

Second, Plaintiff urges the Court to review her deposition testimony, which she claims reveals statements of more than just incompetence. As set out by the Magistrate, in order to implicate a constitutionally protected liberty interest in her reputation, Plaintiff must demonstrate that the public statements made about her conferred a "badge of infamy" or created some stigma against her character. *Sciolino v. City of Newport News*, 480 F.3d. 642, 647 n.2, 653 (4th Cir. 2007) (citing *Wisconsin v. Constantineau*, 400 U.S. 433, 437 (1971)). Since due process is triggered when a person's good name, reputation, honor, or integrity is at stake, the objectionable statements must imply the existence of a serious character defect such as dishonesty or immorality. *Bd. of Regents v. Roth*, 408 U.S. 564, 573(1972); *Sciolino*, 480 F.3d at 647 n.2; *Robertson v Rogers*, 679 F.2d 1090, 1092 (4th Cir. 1982).

As such, allegations of mistakes or even incompetence are not enough. *Sciolino*, 480 F.3d at 647 n.2; *Roberston*, 679 F.2d at 1092; *see also Bunting v. City of Columbia*, 639 F.2d 1090, 1094 (4th Cir. 1981) (public statements that the services of discharged police officers did not meet the expectations of the police department were insufficient to trigger a protected liberty interest). In fact, our own Circuit has repeatedly distinguished statements that imply serious character defects from those that simply allege incompetence. *Compare Boston v. Webb*, 783 F.2d 1163, 1165-66 (4th Cir. 1986) (recognizing that plaintiff's liberty interest "was surely implicated" by public announcement that he was discharged after failing to disprove allegations of receiving a bribe), *Cox v. N. Va. Transp. Comm'n*, 551 F.2d 555, 557-58 (4th Cir. 1976) (affirming trial court's determination that plaintiff's liberty interest was infringed when employer publically linked her discharge to investigation of financial irregularities, thus "insinuating

7

dishonesty"), *and McNeil v. Butz*, 480 F.2d 314, 319-20 (4th Cir. 1973) (concluding that federal employees' interests were implicated by government employer's charges of Agriculture Department regulation violations that "smack of deliberate fraud" and "in effect allege dishonest") *with Zepp v. Rehrmann*, 79 F.3d 381, 388 (4th Cir. 1996) (rejecting deprivation of liberty interest claim where employer announced that plaintiff was being forced to retire "due to management problems" which was an accusation at most of "incompetence or unsatisfactory job performance"), and *Roberston*, 679 F.2d at 1091-92 (concluding that liberty interest was not implicated by nonrenewal of employment contract for "incompetence and outside activities" because such allegations did not involve attack on plaintiff's integrity or honor).

Review of Plaintiff's deposition reveals she considered Defendants' statements to imply that she was incompetent as a police officer. Plaintiff testified, "The only thing [Defendant Scott] said was related to his press conference when he and the mayor said I was incompetent pretty much.", and "[The statements] portrayed me as being an incompetent leader." (Greene Dep. 92: 7-9; 190: 13). As reflected in controlling jurisprudence, these statements of mere incompetence are insufficient to trigger a protected liberty interest. Moreover, while Plaintiff also testified that she was exposed to embarrassment and ridicule (Greene Dep. 191: 14-18) and that she believes her reputation as a police officer was tarnished as result of the public termination (Greene Dep. 192: 3-6), she has failed to point to any statements reflecting poorly on her character, such as dishonesty or immorality. Accordingly, the Magistrate did not err in finding that these statements of incompetence do not constitute a "stigma" such that a liberty interest protected by the Due Process Clause would be implicated.

Finally, Plaintiff asserts that the Magistrate misconstrued controlling case law by requiring Plaintiff to demonstrate that the Defendants took steps to foreclose her from obtaining

8

employment as a police officer elsewhere. Plaintiff argues that the Magistrate "heightened" the requirement set forth in *Bd. of Regents v. Roth*, 408 U.S. 564, 573(1972). Review of the *Roth* Court decision and its progeny reveals that foreclosure from obtaining employment elsewhere is but another way for a plaintiff to ultimately prove a liberty interest violation. As the Fourth Circuit explained in *Bunting*, "In [*Roth*] the Supreme Court indicated that when a public employer who, in refusing to rehire an employee, makes charges against him that might damage his standing in the community *or* otherwise impose a stigma on the employee that forecloses his freedom to take advantage of other employment opportunities, an employee's interest in liberty may be implicated . . ." *Bunting*, 639 F.2d at 1094 (emphasis added) (finding that plaintiffs were not "stigmatized to such a degree that their freedom to take advantage of other employment opportunities was foreclosed"). *See also*, *Sciolino*, 480 F.3d at 649 ("A public employer who fires (or refuses to rehire) and employee in a manner that sullies the employee's good name and restricts his future employment opportunities deprives him of important liberty interests protected by the Fourteenth Amendment."); *Hamilton v. Mayor & City Council of Baltimore*, 807 F.Supp.2d 331, 357 (D.Md. 2011) ("By marking the employee as one who lost his job because of dishonesty or other job-related moral turpitude, the state has made the employee all but unemployable in his chosen occupation.") (internal quotation marks and citations omitted).

Accordingly, the Magistrate found that Plaintiff's failure to present any evidence suggesting that she was foreclosed from obtaining other gainful employment lent further support for granting Defendants' summary judgment motion. Therefore, the Court finds no fault in this analysis by the Magistrate.[5]

---

[5] In their Response to Plaintiff's Objections to the Report, Defendants' discuss the name-clearing opportunities afforded to Plaintiff post-termination and argue that the public hearing and press conference comply with due process requirements. The implications of pre-termination versus post-termination proceedings on her liberty

### III.  CONCLUSION

After a careful review of the record, of the applicable law, and of the Report and the objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate and hereby **GRANTS** Defendants' motion for summary judgment.

IT IS SO ORDERED.

May 6, 2015                                                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                                                   United States District Judge

---

interests were not specifically raised by Plaintiff in her objections.  Accordingly, the Court does not find it necessary to address this issue.