IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Isa P. Greene,<br><br>  Plaintiff,<br><br>vs.<br><br>Randy Scott, individually and in his official capacity as chief of the Columbia Police Department; and City of Columbia,<br><br>  Defendants. | C/A No. 3:13-cv-0567-JFA<br><br><br>**ORDER** |

This matter is before the Court on Plaintiff's motion to reconsider. (ECF No. 65). Plaintiff has moved for relief in her motion under Rule 59(e) requesting this Court to reconsider its Order adopting the Report and Recommendation of the Magistrate (ECF No. 63) and requesting reconsideration of the final judgment entered in this case. (ECF No. 64). Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process.

At the outset, the Court notes the Federal Rules of Civil Procedure do not provide for a post-judgment motion for reconsideration. Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment. *Katyle v. Penn. Natl. Gaming, Inc.,* 637 F.3d 462, 471 n. 4 (4th Cir.2011). As such, the Court construes Plaintiff's motion as one to alter or amend its judgment and for relief from judgment.

1

As a general rule, motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.); *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (1998). The Fourth Circuit has held such a motion should be granted only for three reasons: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 227 F.3d 701, 708 (4th Cir. 2002). Further, Rule 59 motions are not opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F.Supp.2d 793, 798 (S.D.N.Y. 2001).

In her motion, Plaintiff asserts the Court made a clear error of law in ruling that the newspaper article submitted by Plaintiff in conjunction with her objections to the Magistrate's Report was inadmissible hearsay.[1] Citing Federal Rule of Evidence 801(d)(2) in support of her position, Plaintiff now attempts to explain to the Court why the article is, in fact, admissible and should be evaluated by the Court. However, the Court finds consideration of this argument to be improper.

The Fourth Circuit and other courts have routinely held that Rule 59 motions are neither avenues for new arguments that could have been raised prior to judgment nor a mechanism for rearguing issues already decided by the Court. *Pac. Ins. Co.*, 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment."); *In re: Reese,* 91 F.3d 37, 39 (7th Cir.1996) ("A motion under Rule

---

[1] Plaintiff states in her motion that she is relying solely on the ground of "clear error of law." (EC No. 65-1). Therefore, the Court will only evaluate Plaintiff's argument under this prong.

59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him.") (quoting *Frietsch v. Refco, Inc.,* 56 F.3d 825, 828 (7th Cir.1995)); *Wiseman v. First Citizens Bank & Trust Co.*, 215 F.R.D. 507, 509 (W.D.N.C. 2003) ("It is improper to file a motion for reconsideration simply to ask the Court to rethink what the Court had already thought through—rightly or wrongly . . . The limited use of a motion to reconsider serves to ensure that parties are thorough and accurate in their original pleadings and arguments presented to the Court. To allow motions to reconsider offhandedly or routinely would result in an unending motions practice."); *Acevedo v. Colvin*, No. CIV.A. 0:12-2137-TMC, 2014 WL 3798813, at *1 (D.S.C. Aug. 1, 2014) (A "Rule 59(e) motion is not intended to allow for reargument of the very issues that the court has previously decided." (citing *DeLong v. Thompson,* 790 F.Supp. 594, 618 (E.D.Va.1991)); *RGI, Inc. v. Unified Indus., Inc.* 963 F.2d 658 (4th Cir.1992) ("[A] motion to reconsider is not a license to reargue the merits or present new evidence.").

Plaintiff's prior briefs submitted to the Court neglected to explain the basis upon which the newspaper article might be admissible. Plaintiff's failure to thoroughly present argument on this issue, and her disagreement with the Court's analysis of the admissibility of this evidence, is not proper grounds for altering or amending the judgment. As the Fourth Circuit has noted, "[M]ere disagreement does not support a Rule 59(e) motion" on the ground of clear error of law. *United States ex rel. Becker v. Westinghouse Savannah River* Co., 305 F.3d 284, 290 (4th Cir.), *cert. denied* 538 U.S. 1012 (2003). Plaintiff's post-judgment realization that her prior argument was deficient does not allow for this Court's consideration of a new argument now. *See Potter v. Potter*, 199 F.R.D. 550, 553 (D. Md. 2001) (noting that new arguments should not be considered because "[h]indsight being perfect, any lawyer can construct a new argument to support a

position previously rejected by the court, especially once the court has spelled out its reasoning in an order").

In the view of this Court, the Rule 59 motion does not point out a clear legal error, such that alteration or amendment of the judgment is warranted. In so finding, the Court likewise finds that there is no basis upon which Plaintiff should be relived from the judgment.[2]

For the foregoing reasons, Plaintiff's motion is **DENIED**.

IT IS SO ORDERED.

*/s/ Joseph F. Anderson, Jr.*

June 1, 2015  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] As already noted, Plaintiff has not specifically articulated the grounds outlined in Rule 60(b) for which she asks the Court for relief from judgment. Pursuant to Rule 60(b) a court may relieve a party from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. It would appear to the Court that in this case the only applicable provision of the Rule is subsection (6); however, the Fourth Circuit has interpreted this section to allow for relief only in those instances where "extraordinary circumstances" exist. *Dowell v. State Farm Fire and Cas. Auto Ins. Co.*, 933 F.2d 46 (4th Cir. 1993); *See also Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 118 n. 2 (4th Cir.2000) (explaining that "the difference between Rule 60(b)(6) and Rules 60(b)(1)-(5) is that 'extraordinary circumstances' are required to bring the Rule 60(b)(6) motion within the 'other reason' language of that Rule."). Here, the Court finds that no such extraordinary circumstances exist to warrant relief.

4